USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]  United States Court of Appeals For the First CircuitNo. 98-2243 IN RE: CHARLES J. CANNON AND WILLIAM L. BLAGG, Petitioners. ON PETITION FOR MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND AND THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND  [Hon. Mary M. Lisi, U.S. District Judge] [Hon. Arthur N. Votolato, Jr., U.S. Bankruptcy Judge]  Before Selya, Boudin and Stahl,  Circuit Judges.   Robert B. Mann and Mann & Mitchell on brief for petitionerBlagg. Carter G. Phillips, James C. Stansel and Sidley & Austin onbrief for petitioner Cannon.March 30, 1999 Per Curiam. Petitioners, Charles J. Cannon and WilliamL. Blagg, are government attorneys who seek to vacate certainunflattering comments made by a bankruptcy judge in the course oftwo published opinions. See In re Williams, 188 B.R. 721 (Bankr.D.R.I. 1995); In re Williams, 181 B.R. 1 (Bankr. D.R.I. 1995). Petitioners originally mounted an offensive on two fronts tocounteract these opinions; they appealed to the district court,claiming that the bankruptcy judge's adverse comments amounted to"sanctions," and they simultaneously asked the district court formandamus relief. The district court rejected both overtures. SeeIn re Williams, 215 B.R. 289 (D.R.I. 1997). Petitioners thenappealed to this court, but in so doing, they failed to renew theirrequest for relief by way of mandamus. See In re Williams, 156F.3d 86, 93 (1st Cir. 1998). We dismissed petitioners' appeals on the ground that thebankruptcy judge's comments did not constitute an appealablejudgment or order. See id. at 92. Petitioners' application forrehearing en banc was denied by an equally divided court. Theythen filed both an application for certiorari in the United StatesSupreme Court and an original petition for mandamus in this court. We held the latter petition in abeyance pending Supreme Courtaction. On January 25, 1999, the Supreme Court denied certiorari. See Cannon v. Williams, 119 S. Ct. 905 (1999). Petitioners thenrequested that we act on their mandamus petition. We do so today. We believe that petitioners, by asking the district courtfor mandamus relief and then failing to appeal the district court'sdenial of that relief, effectively forfeited any right they mayhave had to ask this court to consider the propriety of mandamus. In all events, mandamus is an inherently discretionary writ, and weare unwilling to exercise discretion in favor of parties who had an ample opportunity to pursue a point, but elected not to press it inthe ordinary course. We need go no further. The petition for writ of mandamusis denied.